959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ORDER OF REPEATERMAN AND TOLL TESTBOARDMEN LOCAL UNION 1011,
IBEW, AFL-CIO, Plaintiff-Appellant,
v.
PACIFIC BELL, Defendant-Appellee.
 
 No. 90-16115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1992.*
Decided April 1, 1992.
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Order of Repeatermen and Toll Testboardmen Local Union 1011, IBEW, AFL-CIO, or "ORTT", assigns error to the district court's sua sponte grant of summary judgment in Pacific Bell's favor. ORTT argues that whether a settlement agreement entered into by the parties after their collective bargaining agreement bars arbitration of grievances which were to be dismissed under the settlement agreement is itself an issue for arbitration.
 
 
 3
 A Notice of Appeal was timely filed. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 4
 ORTT represents a bargaining unit of employees of Pacific Bell. In October of 1987, ORTT filed a grievance on behalf of employees who had been given the choice of transfer or layoff, alleging preferential treatment of employees represented by another union, Communication Workers of America ("CWA"). The grievance, referred to as the "Fresno grievance", was submitted to arbitration.
 
 
 5
 Before arbitration was completed, the parties entered into a settlement agreement, the "Agreement with respect to representation". Recital 5 of the agreement states:
 
 
 6
 5. Dismissal of grievances. ORTT agrees to dismiss all pending grievances, including those which have been submitted to arbitration....
 
 
 7
 Although ORTT allegedly wanted to keep certain grievances open, it did not identify which, if any, grievances it wished keep open within the agreement. ORTT later maintained that the issue of which grievances were to be maintained was not resolved.
 
 
 8
 On March 6, 1990, ORTT filed a motion to compel arbitration in the United States District Court for the Northern District of California. It moved for summary judgment on whether the arbitrability of the Fresno grievance was to be decided by the arbitrator involved, Arbitrator Rule. The District Court, Judge Thelton E. Henderson presiding, denied ORTT's motion and invited Pacific Bell to file a cross-motion for summary judgment on the issue of whether the grievance was arbitrable. Pacific Bell did so; the motion was granted, holding the grievance not arbitrable.
 
 STANDARD OF REVIEW
 
 9
 A grant of summary judgment is reviewed de novo. Kruso v. International Telephone and Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. den. 110 S.Ct. 3217 (1990).
 
 ANALYSIS
 
 10
 We reject Appellant's argument that the arbitrability of the grievances covered under the settlement agreement is a question for the arbitrator. One of the four basic principles of arbitration set forth in the Steelworker Trilogy is that arbitrability is a legal question for the courts to decide. See A.T. & T Technologies, Inc., v. Communications Workers of America, 475 U.S. 643, 649 (1986); Steelworkers v. Warren & Gulf Co., 363 U.S. 574, 582 (1960); Sheetmetal Workers Local 162 v. Jason Mfg., 900 F.2d 1392, 1396 (9th Cir.1990). Given that arbitration is a matter of contract, a party cannot be required to submit to arbitration a dispute which it has not contractually bound itself to submit, see A.T. & T Technologies, 475 U.S. at 648; conversely, a party cannot be required to submit to arbitration a dispute which it has contractually excluded from arbitration.
 
 
 11
 ORTT maintains that whether the pending grievance is arbitrable is an issue of procedural arbitrability, as opposed to substantive arbitrability. ORTT argues that because Pacific Bell is presenting the settlement agreement as a procedural defense to arbitration, like, for example, laches, this procedural defense should be submitted to the arbitrator for a ruling.
 
 
 12
 ORTT confuses what it describes as a procedural defense with what is essentially contractually created immunity from arbitration. ORTT cites many cases for the proposition that procedural questions arising out of a dispute submitted to arbitration should be left to the arbitrator. See, e.g., Local Union No. 370 v. Morrison-Knudsen Co., 786 F.2d 1356, 1358 (9th Cir.1986).
 
 
 13
 ORTT misses the threshold question passed on in all cases in which a party seeks to compel arbitration--whether the dispute itself, regardless of the procedural questions which arise from it--is arbitrable. ORTT's blanket dismissal of the grievance renders it not arbitrable. Moreover, this "procedural defense" does not arise out of the arbitration procedures set out in the collective bargaining agreement, but the settlement agreement which superseded the collective bargaining agreement's means of handling the dispute. See Alpha Beta Co. v. Retail Store Employee's Union Local 248, 671 F.2d 1247, 1249-50 (9th Cir.1982) ("A written settlement was executed by the Union and Alpha Beta; that settlement agreement contained no provision for arbitration.... [I]f the Union's actions ... have, in some way, breached the settlement agreement, Alpha Beta's remedy would be to bring an action for breach of the settlement agreement, not to seek arbitration of the underlying dispute."); cf. Kodiak Oil Field Haulers, Inc. v. Teamsters Union Local No. 959, 611 F.2d 1286, 1289-90 (9th Cir.1980) (employer's claim for declaratory relief that it was within its rights under collective bargaining agreement in terminating employee rendered moot by subsequent strike settlement agreement reinstating employee).
 
 
 14
 ORTT further argues that it did not believe that the settlement would cover the Fresno grievance, and attempted to introduce extrinsic evidence of an oral agreement to that effect. As stated in United States v. Triple A Mach. Shop, Inc., :
 
 
 15
 Evidence of a collateral agreement is admissible if: 1) it does not contradict a clear and unambiguous provision of the written agreement, and 2) the parties did not intend the written agreement to be a complete and exclusive statement of their agreement.
 
 
 16
 United States v. Triple A Mach. Shop, Inc., 857 F.2d 579, 585 (9th Cir.1988). Here, it is clear that Recital 5 dismisses all pending grievances. Although ORTT was supposed to attach an addendum listing grievances which would remain active, it never did.
 
 
 17
 The District Court properly held that the Fresno grievance was not arbitrable under the settlement agreement.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3